UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19CV149 |
| Plaintiff, | : | |
| v. | : | |
| EIGHT THOUSAND TWENTY DOLLARS IN UNITED STATES CURRENCY ($8,020.00), | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| Defendant. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

   All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### THE DEFENDANT IN REM

2. The defendant is Eight Thousand Twenty Dollars in United States Currency ($8,020.00). On or about December 18, 2018, an agent of the Drug Enforcement Administration seized the defendant from a residence located at 2107 Pearl Street, Middletown, Ohio, pursuant to a federal search and seizure warrant (Case No. 3:18-mj-811). On or about December 20, 2018, a

designated agent of the United States Marshals Service deposited the defendant into the Seized Asset Deposit Fund where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant pursuant to 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6. The defendant is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because the defendant represents property furnished or intended to be furnished by a person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## FACTS

7. The Drug Enforcement Administration ("DEA") and other law enforcement agencies are investigating the fentanyl distribution activities of individuals in the Dayton, Ohio area and elsewhere. Federal agents have identified Sean Campbell ("Campbell") as a

2

fentanyl/heroin customer and trafficker in the Middletown, Ohio area.

8. During the investigation, agents learned that Campbell owed a significant amount of money for half a kilogram of fentanyl that Gustavo Karin Tarabay-Viera ("Tarabay"), who is under federal indictment (Case No. 3:18-CR-167), sold to Campbell in the fall of 2018. On or about November 5, 2018, Campbell paid Tarabay approximately $1,000.00 on the drug debt at Frank's Auto Sales in Middletown, Ohio.

9. The investigation also revealed that in November 2018, an individual collected money from Campbell on his drug debt at a residence located at 2107 Pearl Street, Middletown, Ohio, where Campbell lives with his sister and minor children. The individual indicated that Campbell owed approximately $12,000.00 for fentanyl that Campbell was given to sell.

10. On or about December 18, 2018, the DEA executed a federal search and seizure warrant at 2107 Pearl Street, Middletown, Ohio. Prior to the execution of the warrant, law enforcement officers conducted a traffic stop on Campbell and transported him without handcuffs to the Pearl Street residence in order to assist with law enforcement's safe entry into the residence. Special Agent Steve Lucas of the DEA advised Campbell that he was not under arrest and offered to explain the reasons for the search of the residence. Campbell stated that there were no drugs in the residence and that he had currency in his bedroom in a duffle bag.

11. During the execution of the search and seizure warrant, agents located and seized United States currency from a black duffle bag in Campbell's bedroom. A subsequent official count of the currency determined that it totaled $8,020.00 (the defendant). The defendant was bound with rubber bands in a manner commonly used by drug traffickers.

12. Agents also seized, from Campbell's bedroom, an electronic scale which was found near the defendant, plastic baggies with suspected heroin residue from the same black duffle bag

as the defendant, and a blender. The residue on the plastic baggies is pending lab analysis.

13. Special Agent Lucas interviewed Campbell outside the Pearl Street residence in a vehicle where he played Campbell a recorded telephone call between Campbell and Tarabay. Campbell stated that the call was about money and not drugs. Special Agent Lucas agreed that the money was for a past drug debt and further explained that the investigators believed that Tarabay gave fentanyl to Campbell for which Campbell owed money. Special Agent Lucas also explained that Tarabay had conversations with subjects in Mexico in which they discussed physical harm to Campbell. Campbell suggested that the controversy was about him helping a friend. Special Agent Lucas understood Campbell's statement to mean that Campbell assisted someone with obtaining drugs.

14. When Special Agent Lucas further explained the investigation to Campbell and the federal system, Campbell stated that he wanted to speak with an attorney before talking about the case any further. Campbell stated that he did not have an attorney at that time. No further questions were asked of Campbell. Campbell was then transported back to his vehicle and released pending further investigation.

15. Narcotics trafficking is a cash business. The breakdown of the defendant was 2 - $100 bills, 14 - $50 bills, and 356 - $20 bills.

16. After receiving the notice of forfeiture, Campbell contested the forfeiture of the defendant and stated that the money was his profit from "Fitz Auto sales."

17. By reason of the facts set forth herein, the defendant is properly condemned and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a)    the Court find there is probable cause to believe that the defendant has been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6);

(b)    pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant and to retain the same in its custody subject to further order of the Court;

(c)    the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d)    the forfeiture of the defendant to the United States be confirmed, enforced, and ordered by the Court;

(e)    the Court thereafter order the United States to dispose of the defendant as provided by law; and

(f)    the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax: (513) 684-6385
Deborah.Grimes @usdoj.gov

## VERIFICATION

I, Lauren A. Wagner, hereby verify and declare under the penalty of perjury that I am a Special Agent of the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 05-20-2019

LAUREN A. WAGNER, Special Agent
Drug Enforcement Administration

6

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Eight Thousand Twenty Dollars in United States Currency ($8,020.00)

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 5/20/19
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: